United States Court of Appeals,

Eleventh Circuit.

No. 94-4144.

UNITED STATES of America, Plaintiff-Appellee,

v.

Gloria Marie LOPEZ-RAMIREZ, Defendant-Appellant.

Nov. 8, 1995.

Appeal from the United States District Court for the Southern District of Florida. No. 93-380-CR), Stanley Marcus, Judge.

Before EDMONDSON, Circuit Judge, HILL, Senior Circuit Judge, and MILLS[*], District Judge.

EDMONDSON, Circuit Judge:

Defendant appeals her convictions and sentence for conspiracy with intent to distribute cocaine and possession of cocaine with intent to distribute. We reverse.

DEA agents, working with a confidential informant, arranged for approximately 160 kilograms of cocaine to be imported into the United States and negotiated with two men, Polaco and Turco, for the distribution of the cocaine. After performing a field test to ensure that the substance was cocaine, the agents divided the shipment and packaged about 95 kilograms in one wooden crate and the remaining 65 in another. Each crate was then equipped with two transponders that would alert the agents when the crates were opened or moved. The crates were sealed shut.

Agents placed the crate containing 65-kilograms in a Ford Explorer provided by Turco and Polaco and put the crate containing

[*]Honorable Richard Mills, U.S. District Judge for the Central District of Illinois, sitting by designation.

95-kilograms crate in a Ford F-250 truck the DEA provided. Polaco drove the Explorer to a home off Griffin Road, and after about two hours, another man drove it to Miami. Later that day the Explorer was abandoned presumably because surveillance had been detected. A man named Javier drove the truck to the same Griffin Road address. Agents maintained ground and air surveillance. After an hour, a man later identified as Ramon Acosta Acevedo drove off in the truck and travelled north on I-95. Because the truck had tinted glass, agents could not see if anyone else was inside.

Agents followed the truck in cars and in a helicopter equipped with a video camera and observed that Acevedo conducted counter-surveillance maneuvers by frequently exiting and re-entering the interstate and making U-turns. Acevedo finally exited in Boca Raton. After a meandering drive through that area, including two drives down Floral Wood Lane, Acevedo stopped at 23101 Floral Wood Lane and backed the truck to a garage door. The video shows that Acevedo and an unidentifiable person exited the truck. At the time, DEA agents, however, observed only Acevedo exit. Two agents drove by and saw Acevedo unloading the crate and defendant Lopez-Ramirez standing in the garage. Acevedo then drove the truck to a church parking lot, left it there, and walked away. A white station wagon picked him up.

Surveillance of the house continued for about four hours. Agents did not know how many people were in the house but saw no one enter or exit the house, except when defendant went out once to get the mail. At about 3:00 p.m., a confidential informant notified the agents that surveillance had been detected and that

the conspirators were abandoning the operation. At about 6:30 p.m., agents decided to enter the house to secure the cocaine; so six agents—clad in raid jackets and with their weapons drawn—knocked, announced, and demanded entry. Defendant opened the door and was arrested after agents conducted a sweep of the house and located the cocaine.

Following indictment and arraignment, defendant moved to suppress the cocaine and other evidence found in the house. She contended that the government's warrantless search of the house in the absence of exigent circumstances violated her Fourth Amendment right to be free from unreasonable searches. After an evidentiary hearing, a magistrate judge recommended that the motion be granted. The district court conducted another evidentiary hearing and excluded testimony that defendant was the only person in the residence and that the cocaine had been moved to the bathroom, but allowed the government to introduce the cocaine and testimony that defendant answered the door when the agents knocked.[1]

At the close of the government's case, defendant moved for judgment of acquittal which the district court denied. Defendant did not put on a defense, and the jury convicted her both of conspiracy to possess cocaine with intent to distribute and of possession of cocaine with intent to distribute. Defendant moved for post-trial judgment of acquittal and for a new trial, but these

---

[1]Because we hold that the evidence presented to the jury was not sufficient to sustain defendant's convictions, we do not address defendant's claim that the district court erred in allowing the government to introduce into evidence the cocaine seized during the warrantless search of the house and testimony that defendant answered the door when agents knocked.

motions too were denied.  Defendant appeals her convictions and sentence.[2]

Defendant argues that the evidence was not sufficient for a jury to find beyond a reasonable doubt that she knowingly and voluntarily participated in the cocaine conspiracy or that she knowingly possessed cocaine with the intent to distribute it. Viewing the evidence in the light most favorable to the government, we review the sufficiency of the evidence *de novo* to determine whether a reasonable jury, from the evidence presented, could have concluded beyond a reasonable doubt that defendant was guilty of the crimes charged.  *United States v. Thomas,* 8 F.3d 1552, 1555 (11th Cir.1993).

To sustain a conviction for conspiracy to possess cocaine with intent to distribute, the government must prove beyond a reasonable doubt (1) that a conspiracy existed;  (2) that the defendant knew of it;  and (3) that the defendant, with knowledge, voluntarily joined it. *United States v. Perez-Tosta,* 36 F.3d 1552, 1557 (11th Cir.1994), *cert. denied by Perez-Aguilera v. United States,* --- U.S. ----, 115 S.Ct. 2584, 132 L.Ed.2d 833 (1995).  To prove the substantive offense of possession of cocaine with intent to distribute, the government must establish that defendant knowingly possessed the cocaine and that she intended to distribute it.  *United States v. Stanley,* 24 F.3d 1314, 1319 (11th Cir.1994). Where the government's case is circumstantial, as it is here, "reasonable inferences, and not mere speculation, must support the

---

[2]Because we reverse defendant's conviction for insufficiency of evidence, we also do not address defendant's claim that the district court erred in sentencing.

jury's verdict." *Perez-Tosta,* 36 F.3d at 1557.

The only evidence the government introduced to prove the defendant's guilt was (1) that some unidentifiable person was in the truck with Acevedo, (2) that defendant was present in the garage with Acevedo at the Floral Wood Lane residence shortly after the truck carrying the cocaine arrived there, and (3) that the defendant was present when the DEA agents approached the door to the house to conduct the search. From this evidence, the government argues that the jury was entitled to find that defendant was the passenger in the truck that delivered the cocaine and that defendant and Acevedo engaged in evasive tactics because they were in the process of committing a crime. The government argues that the jury also could reasonably find that defendant was present during the delivery of the cocaine to the residence and that she answered the door when officers tried to retrieve the cocaine. Finally, given the substantial value of the cocaine involved and passports and other documents belonging to Acevedo and the defendant, the government contends that the jury could find that defendant was not merely an unaffiliated bystander.

This court has repeatedly held, however, that mere association with a conspirator and presence in a vehicle which engages in counter-surveillance maneuvers is not sufficient to establish participation in a conspiracy to distribute cocaine or possession with intent to distribute cocaine. *See United States v. Hernandez,* 896 F.2d 513, 519 (11th Cir.), *cert. denied,* 498 U.S. 858, 111 S.Ct. 159, 112 L.Ed.2d 125 (1990) (Holding defendant's association with codefendant insufficient to prove conspiracy or

possession although defendant was in vehicle from which drugs were retrieved and was present when drugs were given to undercover agent); *Thomas,* 8 F.3d at 1558 (Noting that presence with conspirators alone or close association with them is insufficient proof of participation in a conspiracy); *Stanley,* 24 F.3d at 1321 (Noting that defendant's presence in vehicle in which drugs were stored, even while driver and another passenger were negotiating the sale of cocaine within earshot, was insufficient to establish conspiracy and possession); and *Perez-Tosta,* 36 F.3d at 1552 (11th Cir.1994) (Evidence insufficient to convict for conspiracy although defendant provided keys, registration, and insurance for vehicle used to transport drugs and later was present in the car when it was engaged in counter surveillance).

As in the cases cited above, the government presented no evidence to the jury that defendant had been present at any meeting of the key conspirators or even knew who they were, and government agents involved conceded that her name had not been mentioned at the meetings. The government also offered no evidence that defendant had been "on the lookout" in the truck (if in fact she was in the truck) or while she was waiting in the house. Government witnesses testified, in fact, that the defendant appeared calm throughout the operation, even after she was arrested. The government offered no evidence that defendant knew the contents of or had touched the crate which contained the cocaine. In the light of the precedents of this circuit, the

evidence *presented to the jury*[3] was not sufficient to allow the jury to conclude beyond a reasonable doubt that defendant had knowledge of the conspiracy and had participated in it or that defendant had possession of the cocaine with the intent to distribute it. Defendant's convictions are reversed.

REVERSED.

HILL, Senior Circuit Judge, concurring specially:

I concur. The evidence was insufficient.

I write separately merely because, in my view, there was no substantial evidence that the appellant was ever in the truck. That conclusion leads me to believe that I need not evaluate the case on the assumption that she was in the truck. I do not dispute what we say on that subject; I just do not address it.

---

[3]We note that, at sentencing, defendant admitted that she came to the United States from Columbia to work in the drug trafficking trade; that she was staying at the Boca Raton residence, as a live-in housekeeper, with a couple expecting a shipment of cocaine; that she accepted her position knowing that it was merely a "front" to preempt suspicion by neighbors; that she went with Acevedo to pick up the cocaine and bring it back to the house; that she moved the cocaine from the crate to the bathroom; and that she was paid $1000.00 a month to stay at the residence and promised another $4000.00 when the cocaine was delivered. Defendant, if she spoke the truth at sentencing, was not innocent of the crimes charged. But, at trial, she was not proved guilty. And for us, as a reviewing court, that is *the* point.