United States Court of Appeals,

Eleventh Circuit.

No. 94-2485.

UNITED STATES of America, Plaintiff-Appellee,

v.

Rodrigo MEJIA, Romero Eduardo Grau, Defendants-Appellants.

July 9, 1996.

Appeals from the United States District Court for the Middle District of Florida. (No. 93-43-CR-FTM-17), Lee P. Gagliardi, Judge.

Before HATCHETT and BARKETT, Circuit Judges, and OAKES[*], Senior Circuit Judge.

BARKETT, Circuit Judge:

Rodrigo Mejia appeals his convictions for possession of cocaine with intent to distribute and conspiracy to possess cocaine with intent to distribute. Romero Eduardo Grau appeals his convictions for possession of cocaine with intent to distribute, conspiracy to possess cocaine with intent to distribute, importation of cocaine and conspiracy to import cocaine.

Grau argues that the district court erred in denying his motion for mistrial in which he argued that the government provided incorrect information regarding the prior criminal activity of its key witness against him. We find Grau's argument to be without merit and affirm his convictions without further discussion. *See* 11th Cir. Rule 36-1. Mejia argues on appeal that the evidence presented was insufficient for a reasonable jury to find beyond a reasonable doubt that he knowingly possessed cocaine with the

[*]Honorable James L. Oakes, Senior U.S. Circuit Judge for the Second Circuit, sitting by designation.

intent to distribute it or that he knowingly and voluntarily participated in a cocaine conspiracy. We agree and reverse Mejia's convictions.

Upon review of the record, we find that, although the evidence presented to the jury showed that Mejia drove a car containing cocaine hidden under the back seat, it failed to show that he knew the cocaine was there or otherwise knowingly possessed the cocaine. In addition, although the evidence showed that Mejia associated with another individual, Victor Yepes, who was involved in a conspiracy to possess cocaine with intent to distribute, it failed to show that Mejia knew the goal of the conspiracy or that he voluntarily joined it.

The evidence presented to the jury indicated that Yepes intended to purchase fifty kilograms of cocaine from undercover DEA agents posing as drug smugglers in Fort Myers, Florida. When Yepes drove from Miami to Fort Myers, Mejia was a passenger in the car. Upon arrival, Yepes drove to a Wendy's restaurant, got out of the car, went inside and met with the undercover agents. Mejia, who remained in the car, was not present for these discussions. Some time later, Yepes returned to the car and Mejia and Yepes followed the agents to a warehouse. Mejia remained in the car while Yepes went into the warehouse and gave the undercover agents $47,000.

The agents had concealed about 20 kilograms of cocaine under the back seat of a car that was located in the warehouse. The agents drove the car containing the cocaine back to Miami, and Yepes and Mejia followed. At an Amoco station near Miami, the agents got out of their car. Mejia asked the agents for the keys

to their car, but did not suggest he had any knowledge that the car contained cocaine. After an agent gave Mejia the keys, Mejia drove to an apartment where he parked the car, got out, and went inside. After Mejia returned to the car and started to drive away, DEA agents arrested him. Mejia told the agents that he was to receive $5,000 to "unload the car," but did not refer in any way to cocaine or other narcotics.

Viewing the evidence in the light most favorable to the government, we review the sufficiency of the evidence *de novo* to determine whether, based on the evidence presented, a reasonable jury could have concluded beyond a reasonable doubt that Mejia was guilty of the crimes charged. *United States v. Lopez-Ramirez,* 68 F.3d 438, 440 (11th Cir.1995). To sustain a conviction for possession of cocaine with intent to distribute, the government must prove beyond a reasonable doubt that the defendant knowingly possessed the cocaine and that he intended to distribute it. *Id.* To prove conspiracy to possess cocaine with intent to distribute, the government must establish three elements: (1) that a conspiracy to possess cocaine existed; (2) that the defendant knew of the goal of the conspiracy; and (3) that the defendant, with knowledge, voluntarily joined it. *Id.; United States v. Guerrero,* 935 F.2d 189, 192 (11th Cir.1991). Where the government's case is circumstantial, "reasonable inferences, and not mere speculation, must support the jury's verdict." *Id.*

In light of these standards, we find the evidence insufficient to prove that Mejia knowingly possessed cocaine. The government presented no evidence that Mejia saw or touched the

cocaine. Though there was evidence that Mejia asked for the keys to the agents' car containing the hidden cocaine and drove it to an apartment, "all of the circuits, including this one, require something more than mere presence in [a car in which drugs are hidden] to sustain a [drug possession] conviction." *United States v. Stanley,* 24 F.3d 1314, 1320 (11th Cir.1994). The only other evidence from which the jury *arguably* could have inferred that Mejia possessed cocaine was his post-arrest statement that he was to be paid $5,000 to "unload the car." But Mejia did not mention cocaine. Though a jury could infer from Mejia's statement that he knew he carried an illicit cargo, the government offered no reliable evidence[1] from which a jury could infer that the illicit cargo was cocaine or any other illegal narcotic. Because there was no reliable evidence that Mejia knew the car contained cocaine, evidence showing that he took the keys and drove the car is insufficient to prove that he knowingly possessed cocaine. Accordingly, Mejia's cocaine possession conviction was not proved beyond a reasonable doubt.

We likewise find the evidence insufficient to prove that Mejia knew of the goal of the conspiracy and, with such knowledge, voluntarily joined it. The goal of this conspiracy was to possess

---

[1]Agent Gonzalez did testify at trial that Mejia had said in his post-arrest statement that he was to be paid to "unload the cocaine". However, Agent Gonzalez earlier had testified that Mejia had not mentioned drugs. Agent Gonzalez also admitted that his trial testimony was based solely on Agent Isom's report, yet Agent Isom himself directly testified that Mejia had not said anything about drugs, but had said only that he was to be paid to "unload the car" without mentioning that the car contained cocaine or any other narcotic. Thus, Agent Gonzalez's statement under the circumstances is not sufficient evidence to be the sole support of the charges against Mejia in this case.

cocaine with intent to distribute.  Yet the government offered no evidence from which a reasonable jury could conclude beyond a reasonable doubt that Mejia knew of this goal.  As with the possession count, evidence that Mejia asked for the keys to the car containing the hidden cocaine, drove the car, and, after arrest, said that he was to be paid to "unload the car," failed to prove that Mejia knew the conspiracy's goal was the possession of cocaine.  There also was evidence that Mejia rode with Yepes from Miami to Fort Myers and back.  But the government presented no evidence that Mejia was involved in or present for any negotiations for the purchase of cocaine, all of which were conducted solely by Yepes.  Mejia's association with Yepes is not sufficient to establish participation in a conspiracy to possess cocaine with intent to distribute.  *See Lopez-Ramirez,* 68 F.3d at 441.  Thus, although the evidence places Mejia "in a climate of activity" that suggests something illegal, it is insufficient to show that Mejia knew that the goal of this conspiracy was possession of cocaine and that, with such knowledge, he voluntarily joined that conspiracy. *See U.S. v. Rosas-Fuentes,* 970 F.2d 1379, 1382 (5th Cir.1992). Accordingly, Mejia's cocaine conspiracy conviction also is unsupported by the evidence.

For the foregoing reason, we reverse and vacate the convictions of Rodrigo Mejia.  We affirm the convictions of Romero Eduardo Grau.

AFFIRMED in part;  REVERSED and VACATED in part.