[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 24, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-13525
Non-Argument Calendar

_____

D. C. Docket No. 04-10030-CR-KMM

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CATHERINE PEREZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(February 24, 2006)**

Before TJOFLAT, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

The sole issue in this appeal is whether the jury had before it sufficient

evidence to convict appellant of conspiracy with intent to distribute cocaine, in violation of 21 U.S.C. § 846. Appellant contends that no reasonable jury could have found that she knowingly participated in the conspiracy because all that the evidence established was that she was merely present at the scene of a drug sale on two occasions.

In resolving this sufficiency-of-the-evidence issue, we determine whether, after viewing the evidence in the light most favorable to the prosecution, a reasonable jury could have found the essential elements of the charged offense beyond a reasonable doubt. See United States v. Charles, 313 F.3d 1278, 1284 (11th Cir. 2002) (citations omitted).

To obtain a conviction in this case, the Government had to prove that (1) two or more persons agreed to possess with intent to distribute cocaine; (2) appellant was aware of the agreement; and (3) appellant knowingly and voluntarily joined in the agreement. Charles, 313 F.3d at 1284. Where, as here, the Government's case is based on circumstantial evidence, "reasonable inferences, and not mere speculation, must support the jury's verdict." Id. (internal quotations and citations omitted). A defendant's mere presence at the scene of the crime, while a probative factor, is insufficient in itself to support a conspiracy conviction, as the Government must also prove that the defendant "knew the essential nature of the

conspiracy." Id. (internal quotations and citations omitted).

In this case, there was sufficient evidence upon which a reasonable jury could conclude that appellant knowingly participated in a conspiracy to distribute cocaine. Unlike the defendant in Charles, who took part in a burglary and was not faced with evidence that he knew that the goal of the conspiracy involved narcotics, appellant – on two separate occasions–arrived in a parking lot to exchange large amounts of money for small quantities of a white object wrapped in a paper towel. Additionally, when talking to the police, appellant indisputably referred to the June 16 and 18 transactions as a "deal." Therefore, it was not unreasonable for the jury to find that appellant was not merely present at the scene of a drug transaction, but knowingly and willingly participated in it. Cf. Charles, 313 F.3d at 1286 n.6 (defendant's statement that he was "not sure" that goal of conspiracy involved narcotics was not enough evidence to uphold conviction).[1]

**AFFIRMED.**

---

[1] Appellant's citation of United States v. Lopez-Ramirez, 68 F.3d 438, 441 (11th Cir. 1995), and related cases, is unpersuasive. Those cases involved third persons who actually delivered or sold the drugs. Here, however, there was no third person delivering drugs, and appellant was indisputably the only person present in the car when she directed Malopolski to exchange the money for the white objects.