[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 27, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-14448

_____

D. C. Docket No. 04-20264-CR-CMA

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JORGE HUMBERTO FORCADA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(November 27, 2006)**

Before EDMONDSON, Chief Judge, and BARKETT and COX, Circuit Judges.

PER CURIAM:

Jorge Humberto Forcada appeals his convictions for (1) one count of

conspiracy to defraud the United States in violation of 18 U.S.C. § 371 and (2)

eight counts of substantive health care fraud in violation of 18 U.S.C. § 1347. The convictions arise from conduct at two Miami Beach HIV/AIDS clinics which were involved in a scheme to defraud Medicare by claiming reimbursement for drugs which were never fully administered, to patients who did not need them in the first place. Forcada argues that the evidence was insufficient to support his convictions.[1]

In order to support a conviction for health care fraud conspiracy under 18 U.S.C. § 371, the government must first prove the existence of (1) an agreement between two or more persons, (2) an unlawful purpose, and (3) an overt act committed by one of the co-conspirators in furtherance of the conspiracy. United States v. Perkins, 748 F.2d 1519, 1527 (11th Cir. 1984). The government must also present sufficient evidence that the defendant "knew of it and that he intended to associate himself with the objectives of the conspiracy." United States v. Hollifield, 870 F.2d 574, 577 (11th Cir. 1989) (citing United States v. Corley, 824 F.2d 931, 936 (11th Cir. 1987)). To support a conviction for substantive health care fraud under 18 U.S.C. § 1347, the government must prove that the defendant (1) knowingly and willfully executed, or attempted to execute, a scheme or artifice to (2) defraud a health care benefit program or to obtain by false or fraudulent

---

[1]The government argues that Forcada waived his sufficiency challenge because he failed to properly renew his motion for acquittal at the close of evidence. After reviewing the interchange between the court and counsel, we find that there was no waiver.

pretenses any money or property under the custody or control of a health care benefit program, (3) in connection with the delivery of or payment for health care benefits, items, or services.

In determining whether the government has proven these elements beyond a reasonable doubt, we must review the sufficiency of the evidence de novo, viewing it and all reasonable inferences therefrom in the light most favorable to the government. United States v. Muscatell, 42 F.3d 627, 632 (11th Cir. 1995). "We ask whether a reasonable trier of fact, when choosing among reasonable constructions of the evidence, could have found the defendant guilty beyond a reasonable doubt." United States v. Ramsdale, 61 F.3d 825, 828-29 (11th Cir. 1995) (quotation marks and citation omitted).

After reviewing the record and the parties' submissions, and viewing all inferences in the light most favorable to the government, we find sufficient evidence to support Forcada's conviction. Forcada, an experienced physician who had previously worked in HIV clinics, demonstrated his awareness of the conspiracy on numerous occasions, but nonetheless continued to participate in and benefit from it. A reasonable trier of fact could have found that Forcada's statements to nurse Leopoldina Arcia and medical assistant Jonathan Saballos–which are confirmed by his own statements to this Court, Forcada Br. at

3

29–showed that he was aware of a general conspiracy at the clinic and of his role in it. Indeed, Forcada directed Saballos to go along with the unjustified dilution of patients' medical infusions with saline, participated in telling a patient how to collect money for his visit to the clinic, and advised a nurse that he knew the infusion sheets reflected improper dosages.

Forcada argues that the government presented only circumstantial evidence of his intent to participate in the conspiracy. But we have previously recognized that intent may be established through circumstantial evidence, so long as there is enough evidence from which a jury could reasonably infer that the defendant acted with the specific intent to defraud. United States v. Lopez-Ramirez, 68 F.3d 438, 440 (11th Cir. 1995) (holding that where the government's case is circumstantial, "reasonable inferences, and not mere speculation, must support the jury's verdict").

In this case, the evidence against Forcada–even that which was circumstantial–was sufficient to support his convictions. The jury, which had the opportunity to assess witness credibility and consider the evidence in context, could reasonably have found that this evidence proved beyond a reasonable doubt that Forcada knew of the clinics' scheme and intentionally furthered it.

**AFFIRMED.**