[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 23, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-16724
Non-Argument Calendar

_____

D. C. Docket No. 07-00063-CR-3-RWS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DANIEL PUFFENBERGER,
ARTHUR HARGRAVES,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Northern District of Georgia

_____

(December 23, 2009)

Before TJOFLAT, BARKETT  and WILSON, Circuit Judges.

PER CURIAM:

Daniel Puffenberger appeals his convictions, and Arthur Hargraves appeals

his convictions and sentence, following a trial in which a jury convicted each on five counts of healthcare fraud, in violation of 18 U.S.C. § 1347. The alleged fraud involved Puffenberger and Hargraves deceptively billing a procedure known as "VAX-D," which involved technicians, not medical doctors, strapping patients onto a table that would separate in the middle and return for approximately 20 minutes. Puffenberger and Hargraves billed this non-invasive mechanical procedure under an open surgical procedure code because insurance companies reimbursed for the surgical treatment code but not for "VAX-D" therapy. We address each Appellant's claims in turn.

## I.

On appeal, Puffenberger argues that the district court abused its discretion by failing to grant a severance. Puffenberger reasons that evidence admitted about Hargraves's prior acts would not have been admissible against him in a separate trial and was used here only to show his guilt by association.

We review the denial of a motion for severance for abuse of discretion. United States v. Browne, 505 F.3d 1229, 1268 (11th Cir. 2007). "It is well settled that defendants who are indicted together are usually tried together." Id. "In considering a motion to sever, the district court must determine whether the prejudice inherent in a joint trial outweighs the public's interest in judicial

economy." United States v. Francis, 131 F.3d 1452, 1459 (11th Cir. 1997). "[T]o show such an abuse, [the appellant] must discharge the heavy burden of demonstrating compelling prejudice from the joinder." Browne, 505 F.3d at 1268 (internal quotations omitted). "A defendant must first demonstrate that the joint trial resulted in prejudice to him; and second, must show that severance is the proper remedy for that prejudice." Id. "Rule 14 does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." Zafiro v. United States, 506 U.S. 534, 538-39, 113 S.Ct. 933, 938, 122 L.Ed.2d 317 (1993).

We have considered the record and the briefs of the parties and find no reversible error with reference to this claim. Because (1) Puffenberger failed to show that his joint trial resulted in any prejudice to him, (2) the government presented ample evidence of his guilt, and (3) the district court minimized any possible prejudice by instructing the jury to consider the evidence against each defendant separately, we affirm the district court's denial of Puffenberger's motion for severance.

## II.

Hargraves first argues that insufficient evidence establishes that he acted with the necessary intent to defraud Blue Cross Blue Shield of Georgia by using an

3

improper code for the procedures performed in his clinic.  Specifically, Hargraves argues that the government failed to prove that he "knowingly and willfully" billed the wrong codes.

We review the sufficiency of the evidence presented at trial de novo and considers the evidence "in the light most favorable to the government, with all inferences and credibility choices drawn in the government's favor."  United States v. LeCroy, 441 F.3d 914, 924 (11th Cir. 2006).  "It is not necessary that the evidence exclude every reasonable hypothesis of innocence or be wholly inconsistent with every conclusion except that of guilty, provided a reasonable trier of fact could find that the evidence establishes guilt beyond a reasonable doubt."  United States v. Young, 906 F.2d 615, 618 (11th Cir. 1990).

To support a conviction for substantive health care fraud under 18 U.S.C. § 1347, the government must prove that the defendant (1) knowingly and willfully executed, or attempted to execute, a scheme or artifice to (2) defraud a health care program or to obtain by false or fraudulent pretenses any money or property under the custody or control of a health care benefit program, (3) in connection with the delivery of or payment for health care benefits, items, or services.  18 U.S.C. § 1347.  Intent may be established through circumstantial evidence, so long as there is enough evidence from which a jury could reasonably infer that the

4

defendant acted with the specific intent to defraud.  See United States v. Lopez-Ramirez, 68 F.3d 438, 440 (11th Cir. 1995).

After reviewing the record and drawing all inferences in the light most favorable to the government, the evidence against Hargraves – even that which was circumstantial – was sufficient to support his convictions.  The government presented ample evidence from former employees, as well as Hargraves's former partner, Howard Berkowitz, that described both (1) how Hargraves deliberately used the wrong billing code and (2) how Hargraves sought to conceal this fact from Blue Cross Blue Shield.  A reasonable jury, which had the opportunity to assess witness credibility and consider the evidence in context, could have found that this evidence proved beyond a reasonable doubt that Hargraves knew of this fraudulent scheme and intentionally furthered it.  See Lopez-Ramirez, 68 F.3d at 440.  Sufficient evidence supports Hargraves's conviction.

### III.

Hargraves also argues that the district court abused its discretion by imposing a sentence greater than necessary to achieve the § 3553(a) goals.  Specifically, Hargraves contends that his sentence is substantively unreasonable because the district court relied too heavily on general deterrence.

An appellate court reviews a sentence for unreasonableness under a

"deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. ___,128 S.Ct. 586, 591, 169 L.Ed.2d. 445 (2007). A sentence is substantively unreasonable "if it does not achieve the purposes of sentencing stated in § 3553(a)." United States v. Pugh, 515 F.3d 1179, 1191 (11th Cir. 2008). The burden of establishing that the sentence is unreasonable in light of the record and the § 3553(a) factors lies with the party challenging the sentence. United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

Pursuant to § 3553(a), the sentencing court shall impose a sentence "sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection," namely to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, protect the public from future crimes of the defendant, and provide the defendant with needed educational or vocational training or medical care. See 18 U.S.C. § 3553(a)(2). The sentencing court must also consider the following factors in determining a particular sentence: the nature and circumstances of the offense and the history and characteristics of the defendant, the kinds of sentences available, the sentencing guidelines range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwanted sentencing disparities, and the need to provide restitution to victims. See 18 U.S.C. § 3553(a)(1), (3)-(7).

6

"The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court, and we will not substitute our judgment in weighing the relevant factors." United States v. Amedeo, 487 F.3d 823, 832 (11th Cir. 2007) (quotations and alterations omitted). In terms of the sentencing range, we have held that "when the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one." Talley, 431 F.3d at 788.

We find no reversible error in the low-end Guideline sentence imposed. Procedurally, the district court properly considered the § 3553(a) factors, the parties' arguments, and the record. We find no reversible error in the consideration of the difficulties of law enforcement against healthcare fraud which requires honest reporting from medical providers. The district court did not act outside of its discretion in considering, although not exclusively, general deterrence. See Amedeo, 487 F.3d at 832.

**AFFIRMED.**