[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10596; 13-10598; 13-10907
Non-Argument Calendar
_____

D.C. Docket No. 5:12-cr-00020-WTH-TBS-4

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ENELIO NIEBLA,
MIGUEL COTO and
EDDY PERAZA,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Middle District of Florida
_____

(November 19, 2013)

Before MARCUS, JORDAN and DUBINA, Circuit Judges.

PER CURIAM:

Enelio Niebla appeals his conviction for aiding and abetting the manufacture of marijuana plants, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(D) and 18 U.S.C. § 2. Eddy Peraza appeals his convictions for conspiring to manufacture 100 or more marijuana plants, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vii) and 846, and for aiding and abetting the manufacture of marijuana plants, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(D) and 18 U.S.C. § 2. Miguel Coto appeals his total sentence of 120 months' imprisonment after a jury found him guilty of conspiring to manufacture 100 or more marijuana plants, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(vii) and 846, and of aiding and abetting the manufacture of marijuana plants, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(D) and 18 U.S.C. § 2.

Mr. Niebla challenges his conviction on two grounds: (1) the district court erred in denying his motion for judgment of acquittal on the conspiracy charge in his first trial, which ended in a mistrial; and (2) there was insufficient evidence to support his conviction for aiding and abetting the manufacture of marijuana plants. Mr. Peraza challenges his convictions on three grounds: (1) there was insufficient evidence to support his convictions; (2) the district court abused its discretion by admitting a trial exhibit into evidence under the business records exception to the hearsay rule; and (3) the form for requesting trial court transcripts is unconstitutional because it does not provide for the automatic transcription of trial

2

court proceedings.  Mr. Coto argues only that the district court erred by not applying the safety-valve provision under U.S.S.G. § 5C1.2 to his sentence.  After careful review of the parties' briefs and the relevant portions of the record, we affirm.

## I.

Mr. Niebla argues that the district court erred in denying his motion for judgment of acquittal on the conspiracy charge in his first trial, which ended in a mistrial.  Because Mr. Niebla was ultimately acquitted of this charge in the second trial, and asks for no further relief, we conclude that his claim is moot.  *See United States v. Al-Arian*, 514 F.3d 1184, 1189 (11th Cir. 2008) ("A case on appeal becomes moot . . . when it no longer presents a live controversy with respect to which the court can give meaningful relief.") (quotes omitted).  To the extent Mr. Niebla invokes the double jeopardy clause, his claim fails because double jeopardy does not attach after a trial ends in a mistrial, regardless of whether there was sufficient evidence to support the convictions in that trial.  *See Richardson v. United States*, 468 U.S. 317, 325 (1984).

## II.

Mr. Peraza argues that there was insufficient evidence for a reasonable jury to convict him of conspiring to manufacture 100 or more marijuana plants.  Both Mr. Peraza and Mr. Niebla argue that there was insufficient evidence to support

3

their convictions for aiding and abetting the manufacture of marijuana plants. We disagree.

We "review *de novo* a district court's denial of judgment of acquittal on sufficiency of evidence grounds," viewing the evidence in the light most favorable to the government and drawing all reasonable inferences in favor of the government. *United States v. Friske,* 640 F.3d 1288, 1290-91 (11th Cir. 2011) (quotes omitted). "A jury's verdict cannot be overturned if any reasonable construction of the evidence would have allowed the jury to find the defendant guilty beyond a reasonable doubt." *Id.* at 1291 (quotes omitted). We draw all credibility determinations in favor of the jury's verdict. *United States v. Jiminez,* 564 F.3d 1280, 1285 (11th Cir. 2009).

To prove conspiracy under 21 U.S.C. § 846, the government must prove that (1) an agreement existed between the defendant and one or more persons, (2) the object of which is an offense under Title 21 of the United States Code. *United States v. Baker*, 432 F.3d 1189, 1232 (11th Cir. 2005). Circumstantial evidence can be sufficient to show the defendants "knowingly volunteered to join the conspiracy." *United States v. Garcia*, 405 F.3d 1260, 1270 (11th Cir. 2005) (quotes omitted). Mere presence at the scene of illegal activity and close association with co-conspirators are insufficient on their own to support a conspiracy conviction. *See Jiminez*, 564 F.3d at 1285. Nonetheless, "where large

4

quantities of drugs are present a prudent smuggler is not likely to suffer the presence of unaffiliated bystanders." *United States v. Miranda*, 425 F.3d 953, 959 (11th Cir. 2005) (quotes omitted).

To prove a violation of 21 U.S.C. § 841(a)(1), the government must establish beyond a reasonable doubt that the defendant knowingly and intentionally manufactured a controlled substance, in this case marijuana. A conviction under § 841(a)(1) may be based on direct or circumstantial evidence of an individual's knowledge and intent. *Garcia*, 405 F.3d at 1270. To support a conviction under 18 U.S.C. § 2, the government must show that the defendant "associated himself with the criminal venture and sought to make the venture a success." *United States v. Farris*, 77 F.3d 391, 395 (11th Cir. 1996). The evidence used to support a drug conspiracy charge can also be used to support the substantive offense. *See Miranda*, 425 F.3d at 961-62.

As to Mr. Peraza's conspiracy conviction, a reasonable jury could find that Mr. Peraza entered an agreement with others to manufacture marijuana based on the evidence showing that (1) there were three grow house properties with very similar characteristics (the "27th Street," "165th Avenue," and "52nd Street" properties) where a total of over 100 live marijuana plants were found; (2) keys seized during the search of the 27th Street property opened locks at all three grow house locations; (3) Mr. Peraza leased the 165th Avenue property; (4) Mr. Peraza

5

and his codefendants were observed traveling from the 165th Avenue property to the 27th Street property; and (5) Mr. Peraza and his codefendants were observed replacing an air conditioning unit in a grow room at the 27th Street property.

The jury could reasonably find from this evidence that Mr. Peraza was more than "merely associated" with marijuana growers, *see United States v. Lopez-Ramirez*, 68 F.3d 438, 441 (11th Cir. 1995), or more than just "merely present" at the scene of criminal activity, *see United States v. Mieres-Borges*, 919 F.2d 652, 658 (11th Cir. 1990). The jury could use this same evidence to reasonably find that Mr. Peraza aided and abetted the manufacture of marijuana plants. *See Miranda*, 425 F.3d at 961-62 (evidence of conspiracy can be used to prove substantive offense).

As to Mr. Niebla's conviction for aiding and abetting the manufacture of marijuana plants, a reasonable jury could find that Mr. Niebla would not have been permitted to go into the grow rooms at the 27th Street property unless he was participating in manufacturing the marijuana. *See Miranda*, 425 F.3d at 959. Mr. Niebla was observed helping to replace an air conditioning unit and replacing steps to the grow house, where marijuana growing equipment was plainly visible and there was a strong odor of marijuana. Based on this evidence, a jury could reasonably find that Mr. Niebla "associated himself with the criminal venture and sought to make the venture a success." *Farris*, 77 F.3d at 395.

Thus, there was sufficient evidence to support Mr. Peraza's conviction for conspiracy to manufacture 100 or more marijuana plants, and to support the convictions of Mr. Peraza and Mr. Niebla for aiding and abetting the manufacture of marijuana plants.

## III.

Mr. Peraza argues that the district court abused its discretion by admitting under the business records exception to the hearsay rule an exhibit showing that Mr. Peraza was the account holder for the electric service at the 165th Avenue property. Although we agree that the district court committed error,[1] we hold that the error was harmless given the ample evidence linking Mr. Peraza to the 165th Avenue property. *See United States v. Arbolaez*, 450 F.3d 1283, 1290 (11th Cir. 2006) ("Evidentiary and other nonconstitutional errors do not constitute grounds for reversal unless there is a reasonable likelihood that they affected the defendant's substantial rights"). In particular, Mr. Peraza's landlady, Nelly

---

[1] We review for abuse of discretion a district court's evidentiary rulings. *See United States v. Lebowitz*, 676 F.3d 1000, 1009 (11th Cir. 2012). We have held that the business records exception, embodied in Federal Rule of Evidence 803(6), "requires that both the underlying records and the report summarizing those records be prepared and maintained for business purposes in the ordinary course of business and not for purposes of litigation." *United States v. Arias-Izquierdo*, 449 F.3d 1168, 1183-84 (11th Cir. 2006). Here, the electric company's representative testified that the document, while based on information kept in the ordinary course of business, was prepared specifically for litigation. As such, it was inadmissible. *See id.* at 1184 (holding that a typed summary of handwritten business records created solely for litigation was inadmissible hearsay evidence); *cf. United States v. Glasser*, 773 F.2d 1553, 1558-59 (11th Cir. 1985) (computer printouts containing compilations of mortgage account transactions not prepared for litigation are admissible under the business records exception).

7

Jaiman, testified that she had leased the property to Mr. Peraza, identified him in court as her tenant, and identified a written lease that she had given him and that the government submitted into evidence.  Based on this evidence, along with the other evidence of Mr. Peraza's involvement in the marijuana growing operation, the "average jury would not have found prosecution's case less persuasive" if the electric company record had not been admitted into evidence, and thus reversal is not warranted.  *See United States v. Gari,* 572 F.3d 1352, 1363 (2009); *see also Arbolaez*, 450 F.3d at 1290 ("where an error had no substantial influence on the outcome, and sufficient evidence uninfected by error supports the verdict, reversal is not warranted").

## IV.

Mr. Peraza contends that CJA Form 24, the form used to request trial court proceedings, is unconstitutional because it does not provide for the automatic transcription of critical trial court proceedings.  Because Mr. Peraza did not raise this constitutional challenge in the district court, and because he does not attempt to show how he was harmed by the existence of the CJA Form 24, we will not consider the issue on appeal.  *See Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 598 (11th Cir. 1995) ("Well-settled precedent provides that arguments not raised at the district court level will generally not be considered on appeal.")

8

## V.

Mr. Coto argues that the district court erred by failing to apply U.S.S.G. § 5C1.2, the safety-valve provision, after concluding that he had been untruthful in his debriefing with the government.[2]  He further contends that the district court clearly erred by deferring to the government's determination about whether Mr. Coto had been truthful in his debriefing.

We review *de novo* a district court's interpretation and application of the Sentencing Guidelines.  *United States v. Zaldivar*, 615 F.3d 1346, 1350 (11th Cir. 2010).  In an appeal of a denial of safety valve relief, we review findings of fact for clear error and the application of law to those facts *de novo*.  *United States v. Johnson*, 375 F.3d 1300, 1301 (11th Cir. 2004).  The burden is on the defendant to show that he has met all of the safety-valve factors.  *United States v. Cruz*, 106 F.3d 1553, 1557 (11th Cir. 1997).

A defendant who satisfies the five factors set forth in § 5C1.2 of the Guidelines is eligible for a two-level reduction in offense level.  U.S.S.G. § 5C1.2(a); *see also United States v. Milkintas*, 470 F.3d 1339, 1344 (11th Cir. 2006).  The fifth factor, which is the only one in dispute here, requires the

---

[2] In his brief, Mr. Coto states that he adopts the arguments of his codefendants to the extent that they applied to him.  We have determined that sufficiency of the evidence arguments are fact-specific and require independent briefing, and we therefore will not consider Mr. Peraza's and Mr. Niebla's sufficiency of the evidence arguments adopted by Mr. Coto.  *See United States v. Khoury*, 901 F.2d 948, 963 n.13 (11th Cir. 1990).  Moreover, we do not consider Mr. Peraza's and Mr. Niebla's remaining arguments adopted as they are not applicable to Mr. Coto.  *See United States v. Bernal-Benitez*, 594 F.3d 1303, 1318 n.20 (11th Cir. 2010).

defendant to truthfully provide the government with "all information and evidence the defendant has concerning the offense or offenses that were part of the same course of conduct or of a common scheme or plan." U.S.S.G. § 5C1.2(a)(5). The district court, not the government, must make the factual finding as to whether the defendant provided complete and truthful information to the government. *See United States v. Brownlee*, 204 F.3d 1302, 1305 (11th Cir. 2000). It is error for the district court to defer to the government the responsibility of determining whether the information the defendant gave to the government was truthful. *See United States v. Espinosa*, 172 F.3d 795, 797 (11th Cir. 1999).

The district court did not clearly err in concluding that Mr. Coto was not truthful about his relevant conduct in his safety-valve debriefing because Mr. Coto's statements during his debriefing were contradicted by the evidence presented at trial. *See Brownlee*, 204 F.3d at 1305. Notably, Mr. Coto claimed that he was only involved in the grow operation at the 52nd Street location in contradiction to the "persuasive circumstantial evidence at trial that these three grow houses were interconnected," including evidence that all three grow houses had the same type of growing facilities; that keys to all three locations were found in a codefendant's truck; and that Mr. Coto was seen moving an air conditioner at the 27th Street location, which was surrounded by grow-operation equipment.

Because Mr. Coto did not meet his burden of demonstrating that the safety-valve provision applied, the district court did not err. *Cruz*, 106 F.3d at 1557. Mr. Coto's argument that the district court erred by deferring to the government is unavailing. Although the district court did consider the government's position, it made its own factual finding that Mr. Coto's proffered statements were untruthful based on the evidence produced at trial. *See Espinosa*, 172 F.3d at 797. Accordingly, we affirm Mr. Coto's sentence.

## VI.

The convictions and sentences of Mr. Niebla, Mr. Peraza and Mr. Coto are affirmed.

**AFFIRMED.**

11