[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-12829
Non-Argument Calendar

_____

D.C. Docket No. 1:13-cr-20426-PCH-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANCISCO PICHARDO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 28, 2016)

Before MARTIN, JORDAN and JULIE CARNES, Circuit Judges.

PER CURIAM:

Francisco Pichardo appeals his convictions after a jury trial and 130-month sentence for conspiracy to import cocaine, conspiracy to possess with intent to distribute cocaine, and possession with the intent to distribute cocaine, in violation of 21 U.S.C. §§ 963, 846, and 841(a)(1).  Pichardo raises three arguments on appeal.  First, Pichardo contends that the district court erred in finding that he voluntarily waived his Miranda rights and admitting his post-arrest confession.  Second, he argues that the evidence presented was not sufficient to support his convictions.  Third, Pichardo asserts that the court erred in failing to award him a minor-participant role reduction based on his limited involvement in the conspiracy.  After careful review of the record and consideration of the parties' briefs, we affirm.

## I.

Pichardo first argues that the district court erred in denying his motion to suppress statements that he made after his arrest, which the court admitted after finding that Pichardo voluntarily waived his Miranda rights.  A district court's denial of a motion to suppress involves mixed questions of law and fact, and we review its findings of fact for clear error and its application of the law to those facts de novo.  United States v. Bervaldi, 226 F.3d 1256, 1262 (11th Cir. 2000).  When considering a ruling on a motion to suppress, we construe the facts in the light most favorable to the party who prevailed below.  Id.  We give substantial

2

deference to the district court's credibility determinations with respect to witness testimony. United States v. McPhee, 336 F.3d 1269, 1275 (11th Cir. 2003).

In deciding whether a post-arrest statement can be admitted into evidence, courts first decide whether the law enforcement officer complied with the Miranda requirements by informing the defendant of his rights. United States v. Bernal-Benitez, 594 F.3d 1303, 1317–18 (11th Cir. 2010). If so, we determine whether any post-Miranda confession was voluntary. Id. at 1318.

Miranda requires that law enforcement officers advise a person who is subject to custodial interrogation about certain rights. Id. A defendant may waive his Miranda rights, "but only if the waiver is made voluntarily, knowingly and intelligently." Id. (quotation omitted). Based on the "totality of the circumstances surrounding the interrogation," the court must conclude that the Miranda waiver was the result of a "free and deliberate choice rather than intimidation, coercion, or deception," and was "made with a full awareness of both the nature of the right being abandoned and the consequences of th[at] decision." Id. (quotation omitted). The government bears the burden of proving by a preponderance of the evidence that a defendant effectively waived his Miranda rights. Id.

The district court did not err in denying Pichardo's motion to suppress his post-arrest statements. At Pichardo's arrest, the officers gave both oral and written statements to inform Pichardo of his rights. There is sufficient evidence to show

that Pichardo knowingly and voluntarily waived his <u>Miranda</u> rights.  An arresting officer testified that Pichardo waived his <u>Miranda</u> rights after he had time to review a waiver form that explained his rights in detail.  The district court was free to find the officer's testimony credible and rely on it in reaching its ultimate decision.  <u>See</u> <u>McPhee</u>, 336 F.3d at 1275.

There was also no evidence that Pichardo was coerced into waiving his rights.  Pichardo argues on appeal (as he did at the suppression hearing) that he was under stress to waive his rights because his children were home during his arrest.  But the district court did not err when it concluded that the totality of the circumstances surrounding the waiver indicated that his waiver was knowing and voluntary.  For example, the arresting officer had Pichardo call his children's mother to join the children in the house, the arresting officer told Pichardo that he did not need to sign the <u>Miranda</u> waiver or talk to the officers, and Pichardo was not handcuffed when he reviewed and signed the form.  On this record, the district court did not err in concluding that Pichardo's post-arrest statements were admissible.

## II.

Pichardo next argues that the evidence presented at trial was not sufficient to support his convictions and that the district court erred in denying his motion for judgment of acquittal.  We review <u>de novo</u> the sufficiency of the evidence and the

4

district court's denial of a motion for judgment of acquittal.  United States v. Bowman, 302 F.3d 1228, 1237 (11th Cir. 2002) (per curiam).  In evaluating the sufficiency of the evidence, we view the facts and draw all reasonable inferences in the light most favorable to the government.  United States v. Hansen, 262 F.3d 1217, 1236 (11th Cir. 2001) (per curiam).  We also "accept all of a jury's inferences and determinations of witness credibility."  United States v. Glinton, 154 F.3d 1245, 1258 (11th Cir. 1998).  We will not overturn a jury's verdict if a reasonable factfinder could have concluded that the evidence established the defendant's guilt beyond a reasonable doubt.  Hansen, 262 F.3d at 1236.

To sustain a conviction for conspiracy to import cocaine under 21 U.S.C. § 963 "the government must prove that the [defendant] agreed to import narcotics into the United States and knowingly and voluntarily participated in the agreement."  United States v. Obregon, 893 F.2d 1307, 1311 (11th Cir. 1990).  The government does not need to prove that each alleged conspirator knew every detail of the conspiracy, and it may establish sufficient proof of knowledge by showing that the defendant "knew of the essential purpose of the conspiracy."  Id.

To sustain a conviction for conspiracy to possess cocaine with intent to distribute in violation of 18 U.S.C. § 846, the government must prove that: (1) a conspiracy existed; (2) the defendant knew about the conspiracy; (3) the defendant

knowingly and voluntarily joined it.  United States v. Lopez-Ramirez, 68 F.3d 438, 440 (11th Cir. 1995).

To sustain a conviction for possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1), the government must establish: "(1) knowledge; (2) possession; and (3) intent to distribute."  United States v. Mercer, 541 F.3d 1070, 1076 (11th Cir. 2008) (per curiam).  Possession can be actual or constructive.  A person constructively possesses a controlled substance if he "exercise[s] some measure of dominion or control over" the substance.  United States v. Battle, 892 F.2d 992, 999 (11th Cir. 1990) (per curiam) (quotation omitted).

The evidence at trial was sufficient to support Pichardo's conviction on all three counts.  As for conspiracy to import cocaine, the evidence established that Pichardo worked with the leader of a group importing cocaine into the United States from the Dominican Republic.  The arresting officer testified that Pichardo admitted at the time of arrest that he was involved in the conspiracy and admitted his actions in relation to the conspiracy.  Pichardo also placed a phone call to the leader of the conspiracy in the presence of officers, during which Pichardo and his co-conspirator discussed a future shipment of cocaine to the United States.  This evidence is sufficient for a reasonable jury to conclude that Pichardo was aware of

the conspiracy to import narcotics into the United States and knowingly and voluntarily acted to further the conspiracy.

The trial evidence was also sufficient to support Pichardo's conviction for conspiracy to possess with intent to distribute cocaine. The arresting officer testified that Pichardo admitted to involvement in a conspiracy that included his picking up narcotics that had been shipped into the United States; delivering the narcotics to a designated person; and receiving money for that delivery. A co-conspirator also testified that he gave cocaine to Pichardo and that approximately two days later Pichardo returned cash proceeds to the co-conspirator. This evidence is sufficient for a reasonable jury to conclude that Pichardo had conspired to possess cocaine with intent to distribute it.

Finally, the trial evidence was sufficient to support Pichardo's conviction for possession of cocaine with the intent to distribute it. A co-conspirator testified at trial that Pichardo took possession of four bags of cocaine and that Pichardo returned money to the co-conspirator approximately two days later. Pichardo asserts that this testimony was not reliable and that it was unreasonable for the jury to rely on it. However, "[t]estimony of a co-conspirator, even if uncorroborated, is sufficient to support a conviction." United States v. Broadwell, 870 F.2d 594, 601 (11th Cir. 1989). The jury was free to accept the co-conspirator's testimony as credible. See Glinton, 154 F.3d at 1258. This evidence is sufficient for a

7

reasonable jury to conclude that Pichardo possessed cocaine with the intent to distribute it. The district court did not err in denying Pichardo's motion for a judgment of acquittal on the three counts of conviction.

### III.

Pichardo finally argues that the district court erred in failing to grant him a minor-participant role reduction during sentencing based on his limited involvement in the conspiracy. We review for clear error a district court's determination of a defendant's role in the offense. United States v. Rodriguez De Varon, 175 F.3d 930, 937 (11th Cir. 1999) (en banc). The defendant seeking the downward adjustment bears the burden of proving by a preponderance of the evidence that he had a minor role in the offense. Rodriguez De Varon, 175 F.3d at 939.

A district court may decrease a defendant's offense by two levels if it finds the defendant was a "minor participant" in the criminal activity. USSG § 3B1.2(b). This two-level reduction applies to defendants "less culpable than most other participants in the criminal activity, but whose role could not be described as minimal. USSG § 3B1.2 cmt. n.5. In deciding whether a minor-participant role reduction is appropriate, the district court must consider both "the defendant's role in the relevant conduct for which [he] has been held accountable at sentencing" and "[his] role as compared to that of other participants in [his]

relevant conduct." Rodriguez De Varon, 175 F.3d at 940.  A downward adjustment for a minor role in the offense is appropriate "[o]nly if the defendant can establish that [he] played a relatively minor role in the conduct for which [he] has already been held accountable—not a minor role in any larger criminal conspiracy." Id. at 944.

The district court did not clearly err in denying Pichardo a minor-participant role reduction.  The record supports that Pichardo played a substantial role in the relevant conduct for which he was sentenced, including exchanging the imported cocaine for cash and sharing those proceeds with his co-conspirators.  The evidence also demonstrated Pichardo's role in coordinating the arrival of the cocaine shipments insofar as he called his co-conspirator when the arresting officers present and discussed the logistics of receiving cocaine from an upcoming shipment.  The district court was within its discretion to infer from the totality of the circumstances that Pichardo played a substantial role in the conspiracy.

**AFFIRMED.**